UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHERYL D. UZAMERE,

        Plaintiff,                                              **MEMORANDUM AND ORDER**
                                                                                 22-CV-4876 (LDH) (LB)

        -against-

EHIGIE EDOBOR UZAMERE, *et al.*,

        Defendants.
------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

       On July 12, 2022, Plaintiff Cheryl D. Uzamere, appearing *pro se*, filed this action in the United States District Court for the Northern District of Georgia. (Compl., ECF No. 1.) Plaintiff paid the filing fee to commence the action. (*Id.*) On August 18, 2022, the Honorable Steve C. Jones, United States District Judge, dismissed the action in part and transferred the remaining claims to this Court. (Order, ECF No. 9.) On August 25, 2022, Plaintiff filed an amended complaint naming 482 Defendants and consisting of over 3000 pages, including exhibits. (Am. Compl., ECF Nos. 12–15.)

       In the span of just one week, Plaintiff filed: (a) a 418-page motion for recusal, (ECF No. 21); (b) a 137-page application for an order to show cause to compel disclosure under Fed. R. Civ. P. 26(a) (ECF No. 22); (c) a 171-page application for an order to show cause seeking relief from Judge Jones's Order under Fed. R. Civ. P. 60 (ECF No. 23); (d) a motion seeking reasonable accommodations and an extension of time to serve (ECF No. 25); and (e) a 232-page request for a certificate of default against Defendants Ehigie Edobor Uzamere and Austin I. Idehen pursuant to Fed. R. Civ. P. 55(a). (ECF Doc. Nos. 26-27.) To date, Plaintiff has not filed proof of service for the majority of the 482 Defendants.

1

For the reasons set forth below, Plaintiff's motions and applications are DENIED, the amended complaint is DISMISSED and Plaintiff is directed to SHOW CAUSE within 30 days why a filing injunction should not be entered barring her from filing any new action in this Court without first seeking permission.

## MOTION FOR RECUSAL

At the outset, the Court considers Plaintiff's motion for recusal ("Recusal Motion"). (ECF No. 21.) It is important to note that Plaintiff does not appear to seek the district judge's recusal, but rather seeks to recuse Magistrate Judges and court staff whom Plaintiff characterizes as "Babylonian Talmud-adherent Ashkenazi Jews. (Recusal Mot. at 2.) A party may request the removal of "[a]ny justice, judge, or magistrate judge of the United States . . . in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (Section 455(a) "requires that a judge recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 859 (1988))). But "a judge should not disqualify himself in the absence of a violation of § 455." *Amico*, 486 F.3d at 781 n.4 (2d Cir. 2007). Here, Plaintiff's conclusory claims of "extrajudicial bias" (Recusal Mot. at 2), are entirely unsupported. Therefore, Plaintiff's motion is denied. *See Dekom v. Nassau Cnty.*, 595 F. App'x. 12, 15 (2d Cir. 2014) (affirming the denial of a motion for recusal where the "plaintiffs advanced no basis for the district judge to recuse herself").

## DISMISSAL OF COMPLAINT

### BACKGROUND

Plaintiff filed a 707-page complaint against 306 Defendants in the Northern District of Georgia. (*See generally* Compl.) On August 17, 2022, Judge Jones dismissed Plaintiff's Part I

spousal support claim for lack of subject matter jurisdiction and transferred Plaintiff's Part II claims to this Court. (ECF No. 9.)

After the transfer to this Court, Plaintiff filed a voluminous amended complaint, consisting of over 3000 pages against 482 Defendants. (Am. Compl., ECF Nos. 12–15.) In Part I, Plaintiff again seeks spousal support from her alleged estranged husband Ehigie Edobor Uzamere.[1] (Am. Compl. at 69–80 (Part I)). Plaintiff contends that based on an order issued by the Kings County Family Court Support Magistrate, Defendant Uzamere owes her spousal support of $17,500.00. (*Id.* at 69.)

In Part II, Plaintiff alleges ten causes of action, including violations of the Sherman Act, 15 U.S.C. § 1 *et seq*, the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*, the Social Security Act, 42 U.S.C. § 301, *et seq*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq*, as well as claims arising under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), 18 U.S.C. § 2441, and state law claims of intentional infliction of emotional distress and gross negligence. (ECF Nos. 12-1, 12-2, 12-3 (Part II)). The defendants include various United States Senators, including those representing states that are not New York, various Secretaries in the Executive Branch, and New York agencies.

Supporting Plaintiff's claims are a plethora of fantastical and outlandish allegations, many of which are rooted in Plaintiff's blatantly anti-Semitic beliefs. For example, Plaintiff repeatedly claims that:

> [D]efendants . . . are members of the Democratic Party's Babylonian Talmud-adherent, Ashkenazi Jewish ethnoreligious cartel

---

[1] Plaintiff's own papers reveal that Ehigie Edobor Uzamere has disputed that he is Plaintiff's spouse. (Ex. 1 at 132, ECF No. 12-1.)

3

\*   \*   \*

> [A] seditious conspiracy that manifests itself by the defendants' operation of a Sherman Antitrust violating, racketeer-influenced, corrupt organization for which the goal is to normalize the practice of pedophilia and associated sexual and non-sexual acts of violence and domestic terrorism against the American people, and especially against Native Americans and people of African descent to satisfy the Ashkenazi Jewish community's disproportionately high percentage of individuals who are practitioners of pedophilia

(Am. Compl., at 2, 5.)  Plaintiff seeks damages, declaratory and injunctive relief.  (ECF No. 12-3 at 77–86.)  Plaintiff also includes numerous exhibits consisting of thousands of pages.  (ECF Nos. 12-3–6, 12-13–14.)  Notably, the exhibits included graphic images of children, as well as personal identifying information necessitating sealing.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).  But the Court need not accept as true "legal conclusions." *Iqbal,* 556 U.S. at 678.  In addition, a *pro se* complaint is to be liberally construed*,* and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nevertheless, a district court may dismiss the complaint *sua sponte* if it determines that it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or that the complaint is frivolous,

*see Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). "An action is 'frivolous' when either: (1) 'the "factual contentions are clearly baseless," such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is "based on an indisputably meritless legal theory."'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting, *inter alia*, *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## DISCUSSION

### A. Part I – Spousal Support

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). The plaintiff bears the burden of establishing subject matter jurisdiction. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[F]ailure of subject matter jurisdiction . . . may be raised at any time . . . by the court *sua sponte*[,]" and "[i]f subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3).

In Part I of the amended complaint, Plaintiff seeks this Court's intervention in her ongoing attempts to bring her estranged husband to account for his alleged misconduct and abandonment. (Am. Compl. at 69–80.) Specifically, Plaintiff seeks to enforce a spousal support order dated April 1, 2021 issued by the Family Court Support Magistrate (*see* Ex. A at 88–89, ECF No. 12-1), that appears to have been later dismissed. (ECF No. 12-1 at 4 ("Defendant the Honorable Ben J. Darvil dismissed my family offense petitions."); ECF No. 12-1 at 138 ("Support Magistrate Harris' Order of dismissal which was issued on 6/27/22.").)

Plaintiff relies on Title IV of the Social Security Act, 42 U.S.C. § 660 (Am. Compl. at 61), to provide a basis for the Court's jurisdiction over Plaintiff's spousal support claim. This statute, also known as the Child Support Enforcement Act, provides that the "district courts of the United States shall have jurisdiction, without regard to any amount in controversy, to hear and determine any action certified by the Secretary of Health and Human Services under section 652(a)(8) of this title." *See* 42 U.S.C. § 660. In *Blessing v. Freestone*, the Supreme Court held that this section of the Social Security did not "give rise to individual rights." 520 U.S. 329, 343–44 (1997) ("Title IV-D [of the Social Security Act, 42 U.S.C. §§ 651-669(b)] contains no private remedy—either judicial or administrative—through which aggrieved persons can seek redress."). Nothing Plaintiff has alleged establishes that she has an enforceable right under this provision of the Social Security Act.

Moreover, the domestic relations abstention doctrine prevents the Court from intervening in Plaintiff's spousal support matter unless Plaintiff can show an obstacle to the full and fair determination of that dispute in state court. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child[]" (internal quotation marks and citation omitted)); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 622–24 (2d Cir. 2019). Plaintiff has not sufficiently alleged that an obstacle exists to the fair determination of this dispute in state court. Thus, Part I of Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[2]

---

[2] Plaintiff also alleges diversity jurisdiction (Am. Compl. at 61), but complete diversity of citizenship is lacking. *See* 28 U.S.C. § 1332; *see Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants."). Even if diversity of citizenship existed, the domestic relations exception doctrine would deprive the Court of subject matter

6

B. Part II – Other Claims

Plaintiff's remaining federal claims are frivolous because "'the "factual contentions are clearly baseless,"'" and "'are the product of delusion or fantasy.'" *Livingston*, 141 F.3d at 437. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Even a well-pleaded complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks omitted). Plaintiff's complaint contains allegations of the delusional variety. The federal claims rely entirely on her contention that all 482 Defendants are part of a wide-ranging "Babylonian Talmudic, Ashkenazi Jewish ethnoreligious cartel" that allegedly condones "pedophilia and sexual violence," and is somehow responsible for Plaintiff's failure to obtain spousal support from her estranged husband. (*See generally* Am. Compl.) Among the 482 Defendants is anyone ever associated with Plaintiff's claim for spousal support, judges (federal and state), elected officials (federal and state), government officials (federal and state), agencies of the federal, state, and local governments, attorneys, federal and state prosecutors, newspapers, private companies, non-profit organizations, and the Attorney General for every state in the nation. Parsing the amended complaint reveals zero factual allegations that support this alleged conspiracy, which demonstrates the claims' delusional nature.[3] The amended complaint, therefore, must be dismissed.

---

jurisdiction over this claim. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) (domestic relations exception to subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees").

[3] The Court notes that Plaintiff has filed a number of exhibits that do not support any plausible claims. For example, in addition to her anti-Semitic submissions, she includes explicit photographs of genitalia and other photographs which are disturbing and have nothing to do with her underlying claim for spousal support. (*See, e.g.*, Am. Compl.,

7

## ORDER TO SHOW CAUSE

It is well-settled that "[t]he district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel.'" *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citation omitted). "If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citation omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing a filing injunction); *see also* 28 U.S.C. § 1651(a).

Plaintiff has a history of filing vexatious and harassing lawsuits necessitating restrictions on access to the court. She has filed over 20 federal cases in the district courts of New York and Rhode Island, the United States Court of Federal Claims, and the United States Court of Appeals for the First and Second Circuits. The vast majority of these cases are related to Plaintiff's issues with her estranged husband. For example, Plaintiff has filed the following cases in the Eastern District of New York:

- *Uzamere v. John Doe, et al.*, No. 07-CV-2471 (NGG) (LB) (E.D.N.Y. July 6, 2007) (case dismissed for lack of subject matter jurisdiction regarding Plaintiff's divorce);

- *Uzamere v. Bush, et al.,* No. 08-CV-0891 (NGG) (LB) (E.D.N.Y. Apr. 8, 2008) (case dismissed and Plaintiff warned that the filing of frivolous and vexatious complaints may result in sanctions);

- *Uzamere v. State of New York, et al.,* No. 09-CV-2703 (NGG) (LB) (E.D.N.Y. July 9, 2009) (same), *appeal dismissed*, No. 09-3197-cv (2d Cir. Oct., 13, 2009);

---

ECF No. 12-4. ) The Court takes further notice that Plaintiff has inundated the Court with voluminous submissions which has burdened the Court's resources and that she has, at times, engaged in harassing, and sometimes antisemitic telephone calls to the Clerk's Office and to chambers. Plaintiff has also attempted to contact judicial staff outside of the Courthouse.

- *Uzamere v. USPS*, No. 09-CV-3709 (NGG) (LB) (E.D.N.Y. Oct. 21, 2009) (same);

- *Uzamere v. Cuomo, et al.*, No. 11-CV-2831 (NGG) (LB) (E.D.N.Y. June 22, 2011) (case dismissed as frivolous and noting that "Plaintiff has a long, tired history of vexatious litigation in this court."), *appeal dismissed*, No. 11-2713-cv (2d. Cir. Nov. 28, 2011), *cert. denied*, 565 U.S. 1264 (Mar. 19, 2012).

Plaintiff has filed in the Southern District of New York:

- *Uzamere v. Family Court*, No. 94-CV-4200 (TPG), slip op. (S.D.N.Y. June 8, 1994) (case dismissed);

- *Uzamere v. Allen E. Kaye, P.C., et al.*, 09-CV-3506 (LBS) (S.D.N.Y. Apr. 2, 2009) (case dismissed for lack of subject matter jurisdiction and immunity and warning Plaintiff that she may be barred from filing complaints related to her husband without first seeking leave of Court), *appeal dismissed*, No. 09-1600-cv (2d Cir. June 24, 2009), *cert. denied*, 558 U.S. 965 (Oct. 13, 2009);

- *Uzamere v. USPS, et al.*, No. 10-CV-7668 (LAP) (S.D.N.Y. Oct. 6, 2010) (case dismissed);

- *Uzamere v. State of New York, et al.*, No. 19-CV-9064 (CM) (S.D.N.Y. Oct. 22, 2019) (case dismissed and Plaintiff barred from filing future *in forma pauperis* actions in the SDNY without first obtaining permission from the Court), *appeal dismissed*, No. 19-3825 (2d Cir. Apr. 10, 2020).

Plaintiff has filed in the Federal Court of Claims:

- *Uzamere v. United States*, Nos. 10-585C, 10-591C, 2010 WL 3528897 (Fed. Cl. Sept. 3, 2010) (two cases consolidated and dismissed for lack of subject matter jurisdiction).

Plaintiff has filed in the District of Rhode Island:

- *Uzamere v. United States*, No. 13-505 (WES), 2013 WL 5781216 (D.R.I. Oct. 25, 2013) (case dismissed and Plaintiff warned against filing further frivolous actions), *aff'd*, No. 13-2454 (1st Cir. Apr. 11, 2014), *cert. denied*, 574 U.S. 981 (Nov. 3, 2014).

In light of the nature of Plaintiff's instant action, her incessant submission of vexatious and repetitive lawsuits, and Plaintiff's persistence despite numerous warnings and a prior filing injunction issued by the Southern District of New York, she is hereby directed to show cause why she should not be barred from filing any new action (regardless of whether Plaintiff pays the

9

filing fee or seeks *in forma pauperis* status) in this Court without first obtaining permission. Plaintiff shall file an affirmation within 30 days from the date of this order setting forth good cause why the Court should not impose a filing injunction. If Plaintiff fails to file an affirmation within the time allowed or if her affirmation fails to provide good cause for why the filing injunction should not issue, an order barring Plaintiff from filing any new action in this Court, without first obtaining the Court's permission, shall enter.

## CONCLUSION

For the reasons set forth above, the spousal support claim is DISMISSED for lack of subject matter jurisdiction, and the remaining federal claims are DISMISSED as frivolous. Having dismissed all the federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's motion for recusal is DENIED and all other pending motions are DENIED as moot. Unless otherwise directed by the Court, Plaintiff is prohibited from directly contacting any judicial chambers by telephone, electronic mail, fax or other means.

The Court further directs Plaintiff to SHOW CAUSE why she should not be barred from filing any new civil action without first obtaining the Court's permission within 30 days as set forth above. The Court directs Plaintiff to utilize the Affirmation form included with this Memorandum and Order and to refrain from submitting inappropriate or voluminous documents. All further proceedings shall be stayed for 30 days or until Plaintiff files the Affirmation, whichever is earlier.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v.*

*United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order and the Affirmation form to Plaintiff and to note the mailing on the docket.

    SO ORDERED.

    /s/LDH

    _____
    LaSHANN DeARCY HALL
    United States District Judge

Dated:  Brooklyn, New York
       September  23, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

CHERYL D. UZAMERE,

                Plaintiff,                          **PLAINTIFF'S AFFIRMATION**
  -against-                                          22-CV-4876 (LDH) (LB)

EHIGIE EDOBOR UZAMERE, *et al.*,

                Defendants.
_____X

      CHERYL D. UZAMERE, appearing *pro se*, make the following affirmation under the penalties of perjury: I am the Plaintiff in this action and I respectfully submit this affirmation in response to the Court's Order to Show Cause dated _____.

      I should not be barred from filing any new action without first obtaining the district court's permission because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES]

      In view of the foregoing, it is respectfully submitted that the Court should not enter a filing injunction.

DATED: _____         _____
                                                    Signature

                                                    _____
                                                    Address

                                                    _____

                                                   _____
                                                  City, State & Zip Code