UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHERYL D. UZAMERE,

                Plaintiff,

v.

EHIGIE EDOBOR UZAMERE, *et al.*,

                Defendants.

**MEMORANDUM AND ORDER**
22-CV-4876 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

On July 12, 2022, Cheryl D. Uzamere ("Plaintiff"), appearing *pro se*, filed this action in the United States District Court for the Northern District of Georgia. (Compl., ECF No. 1.) Plaintiff paid the filing fee to commence the action. (*Id.*) On August 18, 2022, the Honorable Steve C. Jones, United States District Judge, dismissed the action in part and transferred the remaining claims to this Court. (Order, ECF No. 9.) On August 25, 2022, Plaintiff filed an amended complaint naming 482 Defendants and consisting of over 3000 pages, including exhibits, (Am. Compl., ECF Nos. 12-15), followed by several motions, applications for immediate relief and other requests. (ECF Nos. 21-23, 25.)

By Memorandum and Order dated September 23, 2022, the Court dismissed the amended complaint for lack of subject matter jurisdiction and as frivolous and denied Plaintiff's motions. (Mem. & Ord., ECF No 30.) The Court also set forth Plaintiff's litigation history, including five cases filed in this Court—noting that she has been cautioned to refrain from filing similar litigation—and directed Plaintiff to show cause, within 30 days, why she should not be barred from filing any new civil action without first obtaining the Court's permission. (ECF No. 30 at 8-10.)

Plaintiff's Affirmation does not offer any reasons for why the Court should not impose a filing injunction. (Pl.'s Aff. At 1, ECF No. 31.) Instead, Plaintiff challenges the dismissal of the action arguing that the "case should not have been dismissed because I paid the filing fee. In future, no case for which I pay the filing fee should be dismissed." (*Id.*) Plaintiff further argues that "as a paying consumer I have a right to use the Court's service." (*Id.*) Plaintiff also repeats her request that "members of the Jewish community [] recuse themselves pursuant to 28 U.S.C. 455(a)" and references her son's alleged child abuse. (*Id.*) Plaintiff includes a 45-page Exhibit. (ECF No. 31-1.)[1]

Plaintiff's payment of the filing fee does not prevent the Court from either dismissing the case or imposing a filing injunction. As set forth in the Court's Memorandum and Order, the Court may dismiss an action even if the plaintiff has paid the filing fee for lack of subject matter jurisdiction or as frivolous and may impose filing restrictions upon notice and opportunity to be heard. (Mem. & Order at 4–7, ECF No. 30.) As to Plaintiff's allegations of her son's sexual abuse (ECF No. 31-1), those claims do not address why the Court should not impose a filing injunction. In any event, Plaintiff cannot represent her son or allege claims that are personal to him. *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). Thus, Plaintiff has failed to show why the filing injunction should not issue.

To the extent Plaintiff is seeking reconsideration of the Court's Order dismissing the action, that motion is denied. Plaintiff has failed to allege any facts or show that the Court overlooked any controlling decisions that would warrant reconsideration. Fed. R. Civ. P. 59(e), 60(b) and Local Rule 6.3.

---

[1] Plaintiff's Exhibit contains graphic material that the Court warned Plaintiff not to include in future filings. (Mem. & Order at 10, ECF No. 30; Pl.'s Aff., Exhibit, ECF No. 31-1.)

**CONCLUSION**

Accordingly, the action is DISMISSED as set forth in the Court's September 23, 2022 Memorandum and Order. Plaintiff's motion for reconsideration is DENIED. The Clerk of Court shall enter judgment and close this action.

Furthermore, Cheryl D. Uzamere is ENJOINED from filing any new action (whether fee paid or requesting *in forma pauperis* status) in the United States District Court for the Eastern District of New York without first obtaining permission from the Court.

In order to seek permission, Cheryl D. Uzamere must include the proposed complaint AND a separate letter explaining the basis for requesting permission to file. If Cheryl D. Uzamere fails to include a separate request for leave to file, the Clerk of Court is directed to RETURN the submission without filing; no action will be taken.

To eliminate the need to write a decision every time Cheryl D. Uzamere makes a frivolous filing (as that would largely defeat the purpose of the injunction), the injunction shall be further implemented as follows:

(1) The Clerk of Court is respectfully directed to open a miscellaneous case titled "In re Cheryl D. Uzamere" and file a copy of this Order under that miscellaneous docket number.

(2) Any action requesting permission to file by Cheryl D. Uzamere shall be filed under the miscellaneous docket number.

(3) The Court will review the filing and if it determines that the proposed complaint should not proceed, no further action will be taken.

(4) If the Court determines that the proposed complaint should proceed, the Court will grant permission to file and direct the Clerk of Court to open a new civil matter in which the complaint and leave application will be filed and Cheryl D. Uzamere will be notified by the Clerk of Court to pay the filing fee or request *in forma pauperis* status.

Plaintiff is prohibited from directly contacting any judicial chambers by telephone, electronic mail, fax, or other means. Plaintiff is also prohibited from contacting Court staff outside of the Courthouse (such as by the use of a judicial employee's personal phones, personal address or electronic mail or personal social media accounts) for any matter related to any case filed in this Court.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

                                                SO ORDERED.

Dated: Brooklyn, New York            /s/ LDH
      December 15, 2022               LaSHANN DeARCY HALL
                                     United States District Judge